UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:13-cv-04001-SLD-JAG |
| v. | )<br>) |
| FYRE LAKE VENTURES LLC, BLAIR MINTON, GREGORY YATES, KENNETH HOFFMAN, JR., PAUL VAN HENKELUM, GERALD LEE, JEROME EPPING, JEFFREY FRYE, JAMES GAUGERT, U.S. DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, DIRECTOR OF EMPLOYMENT SECURITY OF THE STATE OF ILLINOIS, 3-D CONCRETE, INC., MIDWEST GOLF DEVELOPMENT, INC. D/B/A GOLF CREATIONS, QC SILT FENCE, INC., ROCK RIVER ELECTRIC, INC., VAN HENKELUM, LYNCH & ASSOCIATES, LLC, V2G SURVEYING, LLC, and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

ORDER

Plaintiff FDIC-Receiver alleges that Defendant Kenneth Hoffman, Jr. breached an agreement under which Hoffman personally guaranteed, up to a specified amount, a loan made to Fyre Lake Ventures LLC ("FLV"). FDIC-Receiver claims that Hoffman is liable for the amount specified in his guaranty agreement because FLV's loan is in default. At issue is Defendant Hoffman's Motion to Dismiss, ECF No. 23, and Motion to Dismiss the Amended Complaint,

1

ECF. No. 53.[1]  For the reasons set forth below, Defendant Hoffman's Motion to Dismiss, ECF No. 23, and Motion to Dismiss the Amended Complaint, ECF No. 53, are DENIED.

## BACKGROUND

At the motion to dismiss stage, well-pleaded facts alleged in the complaint are taken as true.  Accordingly, for the purpose of these Motions, the Court rests its decision on the following factual allegations: Country Bank was an Illinois state-chartered nonmember bank until October 2011 when the Illinois Department of Financial and Professional Regulation's Division of Banking closed Country Bank.  After Country Bank closed, the Federal Deposit Insurance Company was appointed as receiver for Country Bank ("FDIC-Receiver").  Plaintiff FDIC-Receiver has succeeded to all rights, titles, powers, and privileges of Country Bank, including the power to foreclose on properties that secure loans made by Country Bank.

Country Bank made two loans to Defendant FLV.  The first loan was for $6,500,000 and was executed on approximately September 27, 2007, and the second loan was for $2,500,000 and was executed on approximately February 27, 2009.  In April 2009, Country Bank and FLV consolidated the two loans into a single loan for $9,000,000 ("FLV Loan").  FLV used the FLV Loan to acquire and develop real estate located in Mercer County, Illinois.  The terms of the FLV Loan required FLV to pay Country Bank quarterly payments of accrued interest as well as all accrued principal by December 31, 2011, the maturity date.

---

[1] This Order applies equally to Defendant Hoffman's Motion to Dismiss, ECF No. 23, and Motion to Dismiss the Amended Complaint, ECF No. 53. Defendant Hoffman filed his first motion to dismiss before Plaintiff FDIC-Receiver amended its complaint. While the amended complaint added additional defendants, its allegations regarding Defendant Hoffman are identical to the original complaint. Defendant Hoffman's bases for dismissal in the motions to dismiss and the supporting memoranda are also identical.

The FLV Loan is secured by a real estate mortgage as well as personal guaranty agreements made by eight individuals (the "Guarantors"). In the event that FLV defaults on the FLV Loan, the personal guaranties individually obligate the Guarantors to pay FLV's debts and liabilities under the FLV Loan up to a certain amount. Under Hoffman's guaranty agreement, Hoffman is personally liable for a maximum of $900,000.

On December 5, 2011, after the FDIC became receiver for Country Bank but just before the FLV Loan reached its maturity date, FDIC-Receiver notified FLV and the Guarantors that the FLV Loan was in default. According to FDIC-Receiver, the FLV Loan was in default because FLV had failed to make quarterly interest payments. As a result of the default, FDIC-Receiver demanded immediate payment of the principal and interest. FDIC-Receiver sent a second notice of default and request for immediate payment to FLV and the Guarantors on October 30, 2012. As of May 24, 2013, the date that FDIC-Receiver filed its amended complaint, FDIC-Receiver alleges that FLV and the Guarantors, including Defendant Hoffman, have not paid the accrued principal and interest.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a particular claim. Instead, it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

3

'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (citing *Twombly*, 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

While a district court will dismiss a complaint that fails to state a claim, a court will not dismiss a complaint because of an affirmative defense raised by the defendant in its motion to dismiss. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Such a dismissal under Rule 12(b)(6) would be inappropriate because "[c]omplaints need not contain any information about defenses and may not be dismissed for that omission." *Id.* "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* Under Rule 12(d), a court has discretion to consider materials outside the pleadings and convert a

motion to dismiss into a motion for summary judgment after giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (noting that a district court has discretion to convert a motion to dismiss into a motion for summary judgment). The Court declines to convert this motion to dismiss into a motion for summary judgment. Accordingly, when ruling on this motion to dismiss, the Court will not consider the exhibits that Hoffman attached to his motion or the exhibits that FDIC-Receiver attached to its response.

Defendant Hoffman makes no effort in his Motions, ECF Nos. 23 and 53, or supporting memoranda, ECF Nos. 24 and 54, to explain why Plaintiff FDIC-Receiver's complaint fails to state a claim. Instead of arguing that FDIC-Receiver's complaint lacks adequate allegations to support a claim for relief, Hoffman merely asserts a defense. Hoffman claims that a prior settlement agreement that he had with Country Bank fully and completely releases him from the current dispute. But resolving whether or not this alleged settlement agreement releases Hoffman from liability for the FLV Loan would be inappropriate at this time. It would be inappropriate because a plaintiff is not required to anticipate defenses in the complaint, and Hoffman has not alleged that the complaint itself establishes his defense. In other words, the defense that Hoffman raises does not challenge the sufficiency of FDIC-Receiver's allegations against him, and this is not a case where the plaintiff has pleaded itself out of court. The Court's task at this stage is to test the sufficiency of FDIC-Receiver's allegations regarding Hoffman. FDIC-Receiver's allegations against Hoffman sufficiently state a claim that Hoffman failed to honor the guaranty agreement that made him personally liable for the FLV Loan. Thus, FDIC-Receiver has plausibly stated a claim for breach of guaranty against Hoffman.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss, ECF No. 23, and Motion to Dismiss the Amended Complaint, ECF No. 53.

Entered this 27th day of September, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
