E-FILED
Thursday, 03 September, 2015  02:44:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BANK OF COMMERCE AS SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF COUNTRY BANK,<br><br>    Plaintiff,<br><br>v.<br><br>FYRE LAKE VENTURES, LLC, BLAIR MINTON, GREGORY YATES, KENNETH HOFFMAN, JR., PAUL VAN HENKELUM, GERALD LEE, JEROME EPPING, JEFFREY FRYE, JAMES GAUGERT, U.S. DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, DIRECTOR OF EMPLOYMENT SECURITY OF THE STATE OF ILLINOIS, 3-D CONCRETE, INC., MIDWEST GOLF DEVELOPMENT, INC. D/B/A GOLF CREATIONS, QC SILT FENCE, INC., ROCK RIVER ELECTRIC, INC., VAN HENKELUM, LYNCH & ASSOCIATES, LLC, V2G SURVEYING, LLC and UNKNOWN OWNERS AND NONRECORD CLAIMANTS,<br><br>    Defendants. | No. 1:13-cv-4001-SLD |

CONFIRMATION OF FORECLOSURE SALE

The Mercer County Sheriff sold the property underlying this mortgage foreclosure action, described below, on May 7, 2015, following advertisement of the foreclosure sale by publication for four weeks in the Dispatch/Rock Island Argus.  Dispatch/Argus Receipt 1–2, ECF No. 124-1; *see* 28 U.S.C. § 2002 (listing requirements for notices of foreclosure sales).  The Sheriff's report of sale, *see* 735 ILCS 5/15-1508(a), indicates the sale was made to the highest bidder, for the

price of $850,000.  Report of Sale ¶ 1, ECF No. 124-2.  The purchaser, the Bank of Commerce as Successor in Interest to the FDIC as Receiver for Country Bank, Plaintiff in this matter, has paid the purchase price in full, *id.*, and the Mercer County Sheriff has filed, with the Mercer County Office of the Recorder of Deeds, a copy of the certificate of sale, *id.* ¶ 4, *see* 735 ILCS 5/15-1507(f).  Plaintiff has also filed with the Court a copy of the certificate of sale, which indicates that the sale included the property described as:

> LOTS 2, 4, 5, 6, 8, 11, 12, 13, 14 AND OUTLOT 2 IN TRACT 4, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA;
>
> LOTS 2, 3, 4, 5, 6, 9, 10, 11, 12, 13 AND 14 IN TRACT 5, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA;
>
> LOT 1 IN TRACT 7, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA;
>
> LOTS 1, 2, 3 AND 4 IN TRACT 3, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA ADDITION NO. 1;
>
> LOTS 5, 6 AND 7 IN TRACT 7, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA ADDITION NO. 1;
>
> LOTS 1, 2, 3, 4, 5 AND OUTLOT 1 IN TRACT 1-1, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA ADDITION NO. 2;
>
> LOTS 1, 2, 3, 4, 5, 6 AND OUTLOT 1 IN TRACT 4-2, IN FYRE LAKE NATIONAL GOLF COURSE & MARINA ADDITION NO. 2;
>
> LOTS 32 AND 33 IN TRACT 7 IN FYRE LAKE NATIONAL GOLF COURSE AND MARINA ADDITION NO. 5;
>
> LOTS 1, 2, 3, OUTLOT 3 AND OUTLOT 4 IN TRACT 6, IN FYRE LAKE NATIONAL GOLF COURSE AND MARINA ADDITION NO. 4;
>
> LOTS 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 AND OUTLOT 3 IN TRACT 7, IN FYRE LAKE NATIONAL GOLF COURSE AND MARINA ADDITION NO. 4;
>
> LOTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 AND 22 IN TRACT 8, IN FYRE LAKE NATIONAL GOLF COURSE AND MARINA ADDITION NO. 4;

    LOTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 AND OUTLOT 1 IN TRACT 9, IN FYRE LAKE NATIONAL GOLF COURSE AND MARINA ADDITION NO. 4;

    LOTS 1, 2, 7 AND 8, IN FYRE LAKE NATIONAL GOLF COURSE EAST;

    LOTS 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, OUTLOT 1 AND OUTLOT 2 IN TRACT 9, IN FYRE LAKE NATIONAL GOLF COURSE SOUTH;

    LOTS 4, 5, 6 AND 7 IN ISLAND VIEW FOURTH ADDITION TO FYRE LAKE, IN PART OF THE EAST HALF OF SECTION 9, TOWNSHIP 15 NORTH, RANGE 1 WEST OF THE FOURTH PRINCIPAL MERIDIAN;

    LOTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, AND 39 IN TRACT 10, IN FYRE LAKE NATIONAL GOLF COURSE SOUTH.

    ALL SITUATED IN THE COUNTY OF MERCER, IN THE STATE OF ILLINOIS.

ECF No. 124-3 at 2–3.

    None of the filings associated with this foreclosure sale tend to show that:

    (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given; (ii) the terms of the sale were unconscionable; (iii) the sale was conducted fraudulently; or (iv) justice was otherwise not done . . . .

*See* 735 ILCS 5/15-1508(b) (listing reasons why a court reviewing a foreclosure sale should not confirm a sale).  As such, the Court confirms the foreclosure sale in this matter, and the Sheriff of Mercer County shall issue its Sheriff's Deed to Plaintiff, vesting Plaintiff with title to the real estate described herein.[1]

---

[1] Although the Illinois foreclosure statute indicates that a "court shall conduct a hearing to confirm the sale," 735 ILCS 5/15-1508(b), Illinois courts have noted that a hearing is not mandatory, *see, e.g.*, *Deutsche Bank Nat. v. Burtley*, 861 N.E.2d 1075, 1080–81 (Ill. App. Ct. 2006) ("The Illinois General Assembly did not . . . intend to require an extended evidentiary hearing after each sheriff's sale.").  In this case, summary judgment was granted to Plaintiff for foreclosure on the listed property, ECF No. 118, and no defendant has sought to contest the foreclosure at any phase after the Court's entry of judgment.  Accordingly, the Court need not hold a hearing before confirming the sale.

Plaintiff's Motion to Confirm Report of Sale and Distribution and for Possession by Plaintiff, ECF No. 124, is GRANTED. Plaintiff's proposed Order Confirming Sale and Distribution / Order of Possession, ECF No. 130, is MOOT.

IT IS SO ORDERED.

Entered September 3, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
